

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ) No. **13 CR 0771**
)
)
vs. )
) Violation: Title 18, United States Code,
) Sections 1014 and 1344
BEN MIHAI, )
STEFAN SZAFIAN, and )
CARL P. PALLADINETTI )
) **JUDGE KENDALL**
) UNDER SEAL
) MAGISTRATE JUDGE COX
)
) **FILED**
9-26-13
SEP 2 6 2013

**COUNT ONE**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

The SPECIAL JULY 2013 GRAND JURY charges:

1.     At times material to this indictment:

a.     Defendant BEN MIHAI was a loan originator licensed in the State of

Illinois and the President and owner of Interbanc Financial, Inc., which had an office in

Chicago, Illinois.

b.     Defendant STEFAN SZAFIAN, Individual A, and Individual B, who

was defendant BEN MIHAI's wife, owned 7016-24 N. Rockwell LLC, 6109-11 N.

Claremont LLC, 6819-35 N. Seeley LLC, and 6255-59 N. Claremont LLC.

c.     Defendant CARL P. PALLADINETTI was an attorney licensed in the

State of Illinois and practiced law through the offices of Palladinetti & Associates in

Chicago, Illinois.

d.      Washington Mutual Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, that made loans secured by mortgages.

e.      Lenders required applicants for mortgage loans to provide truthful information, including information about the sales price of the property and about the applicant's employment, income, financial condition, assets, liabilities, the source and amount of funds contributed by the buyer in the form of earnest money or a down payment, and intention to occupy the property, which information was material to lenders' approval, terms, and funding of loans.

f.      Lenders sold mortgage loans to other lenders and institutions. Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and supporting documents, including the sales price of the property and the borrower's employment, income, assets, liabilities, the source and amount of funds contributed by the buyer in the form of earnest money or a down payment, and intention to occupy the property purchased, was material to the successors' decision to purchase the mortgage loans.

2

2.      Beginning no later than in or about May 2005, and continuing until in or about

March 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

BEN MIHAI,
STEFAN SZAFIAN, and
CARL P. PALLADINETTI,

defendants herein, knowingly participated in scheme to defraud a financial institution, and

to obtain money and funds owned by and under the control of a financial institution, by

means of materially false and fraudulent pretenses, representations, and promises, which

scheme is further described below.

3.      It was part of the scheme that defendants BEN MIHAI and CARL

PALLADINETTI worked with individuals who owned and were seeking to sell individual

units within multi-unit buildings, including defendant STEFAN SZAFIAN and Individual C,

to find and fraudulently qualify buyers for mortgage loans to purchase the units, and as part

of the scheme caused buyers to fraudulently obtain over seven mortgage loans totaling at

least $1.5 million.

4.      It was further part of the scheme that defendants BEN MIHAI, STEFAN

SZAFIAN, and CARL P. PALLADINETTI, and others, made and caused to be made

materially false representations in documents submitted to lenders, including loan

applications, real estate contracts, and HUD-1 settlement statements, concerning, among

other things, the sales price of the properties and the buyers' income, employment, financial

condition, the payment and source of earnest money and the payment and source of a down

3

payment, and intention to occupy the property.

5. It was further part of the scheme that defendants BEN MIHAI and STEFAN SZAFIAN recruited and caused to be recruited buyers to purchase units within the buildings from entities that BEN MIHAI, STEFAN SZAFIAN, and Individual C, owned and controlled, including 7024 N. Rockwell LLC, 2254 W. Arthur LLC, 7515 N. Seeley LLC, 6109-11 N. Claremont LLC, 6255-59 N. Claremont LLC, and 6819-35 N. Seeley LLC, knowing that the buyers would be qualified for mortgage loans to purchase the properties through false statements made to lenders, including false statements about the buyers' income, assets, liabilities, employment, financial condition, the payment and source of earnest money and down payment, and intention to occupy the property.

6. It was further part of the scheme that defendant CARL P. PALLADINETTI agreed to act as the seller's attorney for the properties owned by defendants STEFAN SZAFIAN and Individual C, and, in his capacity as the seller's attorney, prepared and submitted, and caused to be prepared and submitted, to lenders real estate sales contracts that defendants STEFAN SZAFIAN and CARL P. PALLADINETTI knew contained false and fraudulent information, including inflated sales prices of the properties being sold and false information about earnest money payments the buyers had purportedly made.

7. It was further part of the scheme that defendant BEN MIHAI, in his capacity as a loan officer, prepared and submitted, and caused to be prepared and submitted, to lenders loan applications that he knew contained false and fraudulent information about buyers'

4

qualifications, including false and fraudulent information about buyers' income, assets, liabilities, source of down payment, and intention to occupy the property.

8.     It was further part of the scheme that defendants BEN MIHAI, STEFAN SZAFIAN, and CARL P. PALLADINETTI caused to be prepared and submitted to lenders HUD-1 settlement statements that they knew contained false and fraudulent information, including false and fraudulent information about the true source of the buyers' down payments and about payments provided by the buyers at closing to fund the property purchases.

9.     It was further part of the scheme that BEN MIHAI and STEFAN SZAFIAN provided, and caused others to provide, money to buyers from entities controlled by BEN MIHAI and STEFAN SZAFIAN, knowing that these payments had been concealed from lenders that made loans to the buyers.

10.    It was further part of the scheme that defendants BEN MIHAI, STEFAN SZAFIAN, and CARL PALLADINETTI provided, and caused others to provide, money to buyers knowing that the money would be falsely represented to lenders as the buyers' down payments.

11.    It was further part of the scheme that defendant BEN MIHAI prepared and submitted, and caused to be prepared and submitted, other fraudulent documents to lenders that made buyers falsely appear qualified for loans, including false verifications of employment and false verifications of deposit that inflated buyers' assets.

5

12.     It was further part of the scheme that defendant STEFAN SZAFIAN made and caused to be made payments to buyers for purchasing properties controlled by Individual C, knowing that these payments were concealed from the lenders that made loans to the buyers to purchase the properties.

13.     It was further part of the scheme that defendant BEN MIHAI received payment for originating mortgage loans for buyers that defendant MIHAI knew were qualified based on false and fraudulent information submitted to lenders.

14.     It was further part of the scheme that defendant CARL P. PALLADINETTI received payment at or near the time of closing for certain real estate transactions in which entities affiliated with defendants BEN MIHAI, STEFAN SZAFIAN, and Individual C were the sellers, knowing that the buyers in the transactions were qualified for mortgage loans based on false and fraudulent information submitted to lenders, including false information about the existence and source of buyers' down payments.

15.     It was further part of the scheme that defendants BEN MIHAI and CARL P. PALLADINETTI caused lenders to send or wire funds to a title company, which funds defendants MIHAI and PALLADINETTI knew represented the proceeds of mortgage loans obtained from lenders based on fraudulent information, and caused a portion of the funds to be disbursed to defendants BEN MIHAI and STEFAN SZAFIAN either directly, or through entities controlled by defendants BEN MIHAI and STEFAN SZAFIAN.

16.     It was further part of the scheme that defendants BEN MIHAI, STEFAN

6

SZAFIAN, and CARL P. PALLADINETTI did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

17.     On or about July 14, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BEN MIHAI,
STEFAN SZAFIAN, and
CARL P. PALLADINETTI,

defendants herein, did knowingly execute and attempt to execute the scheme to defraud by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $345,000 to Individual D, for the purchase of a residence located at 7024 N. Rockwell Street #1, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 16 of Count One of this indictment are incorporated here.

2.     On or about July 17, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CARL P. PALLADINETTI,

defendant herein, did knowingly execute and attempt to execute the scheme by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $239,250 to Individual E, for the purchase of a residence located at 2256 W. Arthur Avenue #3, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

8

## COUNT THREE

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 16 of Count One of this indictment are incorporated here.

2.     On or about September 15, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CARL P. PALLADINETTI,

defendant herein, did knowingly execute and attempt to execute the scheme by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $156,000 to Individual E, for the purchase of a residence located at 7515 N. Seeley Avenue #2C, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

9

## COUNT FOUR

The SPECIAL JULY 2013 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 16 of Count One of this indictment are incorporated here.

2.    On or about October 19, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, did knowingly execute and attempt to execute the scheme to defraud by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $255,200 to Individual E, for the purchase of a residence located at 6111 N. Claremont Avenue #1, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

10

## COUNT FIVE

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 16 of Count One of this indictment are incorporated here.

2.     On or about November 27, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, did knowingly execute and attempt to execute the scheme by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $180,000 to Individual F, for the purchase of a residence located at 6259 N. Claremont Avenue #1, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL JULY 2013 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 16 of Count One of this indictment are incorporated here.

2.     On or about December 22, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, did knowingly execute and attempt to execute the scheme to defraud by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $179,100 to Individual G, for the purchase of a residence located at 6823 N. Seeley Avenue #1C, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT SEVEN

The SPECIAL JULY 2013 GRAND JURY further charges:

1.  The allegations in paragraphs 1 through 16 of Count One of this indictment are incorporated here.

2.  On or about December 29, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, did knowingly execute and attempt to execute the by causing Washington Mutual Bank to fund a mortgage loan in the amount of approximately $207,200 to Individual E, for the purchase of a residence located at 6255 N. Claremont Avenue #3, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

13

## COUNT EIGHT

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about July 14, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and<br>
CARL P. PALLADINETTI,

defendants herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $345,000 to finance the purchase of 7024 N. Rockwell Street #1, Chicago, Illinois, in that defendants falsely represented and caused to be falsely represented in a HUD-1 settlement statement that Individual D had provided approximately $115,000 to fund the purchase of the property, when defendants knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT NINE

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about July 14, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN,

defendant herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $345,000 to finance the purchase of 7024 N. Rockwell Street #1, Chicago, Illinois, in that defendants falsely represented and caused to be falsely represented in a Uniform Residential Loan Application that Individual D had provided a down payment of approximately $115,000 to fund the purchase of the property and that these funds were being held by the seller's business entity, 7016-24 Rockwell LLC, when defendants knew that such statements were false;

In violation of Title 18, United States Code, Sections 1014 and 2.

15

## COUNT TEN

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about July 17, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CARL P. PALLADINETTI,

defendant herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $239,250 to finance the purchase of 2256 W. Arthur Avenue #3, Chicago, Illinois, in that defendant falsely represented and caused to be falsely represented in a HUD-1 settlement statement that Individual E had provided approximately $50,000 to fund the purchase of the property when defendant knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

16

## **COUNT ELEVEN**

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about November 27, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, knowingly made and caused to be made, false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $180,000 to finance the purchase of 6259 N. Claremont Avenue #1, Chicago, Illinois, in that defendants falsely represented and caused to be falsely represented in a HUD-1 settlement statement that Individual F had provided approximately $78,000 to fund the purchase of the property, when defendants knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

17

**COUNT TWELVE**

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about November 27, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN,

defendant herein, knowingly made and caused to be made, false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $180,000 to finance the purchase of 6259 N. Claremont Avenue #1, Chicago, Illinois, in that defendant falsely represented or caused to be falsely represented in a Universal Residential Loan Application that Individual F had provided a down payment of approximately $78,000 to fund the purchase of the property and that these funds were held by the seller's business entity, 6109 N Claremont LLC, when defendant knew that such statements were false;

In violation of Title 18, United States Code, Sections 1014 and 2.

18

## COUNT THIRTEEN

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about December 22, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $179,100 to finance the purchase of 6823 N. Seeley Avenue #1C, Chicago, Illinois, in that defendants falsely represented or caused to be falsely represented in a HUD-1 settlement statement that Individual G had provided approximately $16,586.91 to fund the purchase of the property, when defendants knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOURTEEN

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about December 22, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### STEFAN SZAFIAN,

defendant herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $179,100 to finance the purchase of 6823 N. Seeley Avenue #1C, Chicago, Illinois, in that defendant falsely represented or caused to be falsely represented in a Uniform Residential Loan Application that Individual G had provided approximately $19,943 to fund the purchase of the property, when defendants knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FIFTEEN

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about December 29, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

STEFAN SZAFIAN and
CARL P. PALLADINETTI,

defendants herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $207,200 to finance the purchase of 6255 N. Claremont Avenue #3, Chicago, Illinois, in that defendants falsely represented or caused to be falsely represented in a HUD-1 settlement statement that Individual E provided approximately $50,000 to fund the purchase of the property when defendants knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

## <u>COUNT SIXTEEN</u>

The SPECIAL JULY 2013 GRAND JURY further charges:

On or about December 29, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### STEFAN SZAFIAN,

defendant herein, knowingly made and caused to be made false statements to Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Washington Mutual Bank upon a mortgage loan of approximately $207,200 to finance the purchase of 6255 N. Claremont Avenue #3, Chicago, Illinois, in that defendant falsely represented or caused to be falsely represented in a Uniform Residential Loan Application that Individual E had provided approximately $51,823 to fund the purchase of the property when defendant knew that such statement was false;

In violation of Title 18, United States Code, Sections 1014 and 2.

## FORFEITURE ALLEGATION

The SPECIAL JULY 2013 GRAND JURY further charges:

1.   The allegations of Counts One through Sixteen are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.   As a result of their violations of Title 18, United States Code, Sections 1014 and 1344 as alleged in Counts One through Sixteen of the foregoing indictment,

BEN MIHAI,<br>
STEFAN SZAFIAN, and<br>
CARL P. PALLADINETTI,

defendants herein, shall forfeit to the United States any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Sixteen.

3.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A), include but are not limited to approximately $1,561,750.

4.   If any of the forfeitable property described above, as a result of any act or omission by defendants:

        (a)   cannot be located upon the exercise of due diligence;

        (b)   has been transferred or sold to, or deposited with, a third party;

        (c)   has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to

the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18,

United States Code, Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY


24