IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) No. 13 CR 771-3 |
| v. | ) Judge Virginia M. Kendall |
| CARL P. PALLADINETTI, | ) |
| *Defendant.* | ) |

## ORDER

In March 2016, the Court presided over Carl Palladinetti's nonjury trial for bank fraud. (Dkt. 171). The government rested after its case-in-chief, and Palladinetti moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. (Dkt. 177, Trial Tr. at 51:18–58:13.) The Court orally denied the motion on the record because it found that the government proved beyond a reasonable doubt that Washington Mutual Bank was federally insured at the time of the offense. *Id.* at 58:14–61:7. Palladinetti then put on a defense case regarding the insurance element. After he rested, the Court heard closing arguments. Because the parties had already stipulated to the other elements of the charge (Dkt. 172), the Court found Palladinetti guilty of bank fraud in violation of 18 U.S.C. § 1344 (Dkt. 171).

At that point, Palladinetti moved for an extension of time to file posttrial motions. (Dkt. 177 at 70:4–14.) The Court granted his motion, ordering him to file his motion by April 15. *Id.* at 70:15–20. After trial counsel for Palladinetti withdrew, and new counsel appeared on March 8, the Court reset the posttrial motion deadline for April 22. (Dkt. 174.) On April 22, Palladinetti timely moved for a new trial under Federal Rule of Criminal Procedure 33(a), claiming he received ineffective assistance of counsel at trial. (Dkt. 181.) The government responded and then the Court held an evidentiary hearing on the motion. (Dkt. 188, 210, 212.) The Court subsequently ordered supplemental briefing on the motion for new trial. (Dkt. 212.) After two extensions, the parties filed their papers on September 12. (Dkt. 231–32.)

In August 2017, the Court denied Palladinetti's motion for a new trial. (Dkt. 260.) Nearly two years later, in May 2019 (that is over three years from the original filing of the posttrial motion), Palladinetti moved the Court to reconsider its finding of guilt on Count 1. (Dkt. 323.) In his motion, Palladinetti contends that the

government failed to prove the essential jurisdictional element of the crime—the financial institution's federally-insured status. He reasons that the government neither proved the identity of the lender in the underlying mortgage transaction nor the insurance status of the lender.

The government responded arguing that Palladinetti's motion is untimely and inappropriate under Rule 29. (Dkt. 327.) Palladinetti replied asserting that he promptly moved to reconsider under either the common law or Federal Rule of Criminal Procedure 12(b)(2). (Dkt. 330.) Under the common law, Palladinetti essentially agreed with the government that Rule 29 does not apply to a nonjury trial and insisted that that meant the Court could reconsider the sufficiency of the evidence at any time prior to entry of judgment. Under Rule 12, Palladinetti maintains that he can raise want of jurisdiction ay any time while the case is pending.

First, that the federally chartered or insured status of the institution is a "jurisdictional prerequisite" does not mean that a court lacks subject-matter jurisdiction over a criminal case where that element is lacking. *See United States v. Myles*, 636 F. App'x 145, 147 (4th Cir. 2016) (quoting *United States v. Ratigan*, 351 F.3d 957, 964 (9th Cir. 2003)). The reason being "[t]hat [that] jurisdictional prerequisite 'is measured as a challenge to the sufficiency of the evidence.'" *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996) (collecting cases). A deficiency in the government's evidence of a bank's federally-insured status is a merits issue. *See id.*; *Myles*, 636 F. App'x at 147 (quoting *Ratigan*, 351 F.3d at 963); *United States v. Crawford*, 714 F. App'x 27, 31 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1275 (2018) (internal citations omitted). Even assuming the government failed to prove the insurance element beyond a reasonable doubt, the Court did not lack jurisdiction over the case. Therefore, Palladinetti's Rule 12 motion is procedurally improper.

Second, the parties are correct that "'Rule 29 has no real application when a case is tried by the court since the plea of not guilty asks the court for a judgment of acquittal.'" *United States v. Grace*, 367 F.3d 29, 34 (1st Cir. 2004) (quoting *Moore's Federal Practice* § 629.02[3] (3d ed. 2002) and explaining that the plea of not guilty is the "functional equivalent" of a Rule 29 motion in a nonjury trial). That makes additional sense after considering that "Rule 29 protects a defendant 'against an improper or irrational verdict of the jury,'" not the judge. *Id.* (first quoting *Moore's Federal Practice* § 629.02[4] (3d ed. 2002); then citing 2A Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 461 (2000)). Accordingly, Rule 29 does not apply to this nonjury trial. *See United States v. Hogan*, 89 F.3d 403, 404 (7th Cir. 1996); *see also United States v. Angulo-Hernandez*, 175 F. App'x 79, 81 (7th Cir. 2006).

Third, Palladinetti is right that the Seventh Circuit has "recognized that as a matter of general practice a motion to reconsider in a criminal prosecution is proper and may be entertained if it is filed in time." *United States v. Beard*, 745 F.3d 288,

291 (7th Cir. 2014) (citing *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010)); *see generally United States v. Healy*, 376 U.S. 75 (1964). The government was wrong to not respond to this theory. No matter; both parties missed the second rule statement that directly followed the first in *Beard*: "The applicable time is the same 14–day period that applies to other motions that suspend the time for taking an appeal under Fed. R. App. P. 4(b)." 745 F.3d at 291 (citing *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011)); *see United States v. Simmons*, 683 F. App'x 522, 523–24 (7th Cir. 2017), *reh'g denied* (May 9, 2017), *cert. denied*, 138 S. Ct. 273 (2017) (applying the 14-day rule to a motion to reconsider); *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (same); *United States v. Morales*, 527 F. App'x 542, 543 (7th Cir. 2013) (same).

Here, Palladinetti moved to reconsider *more than three years* outside the judicially-extended period for the filing of posttrial motions. (Dkt. 174, 181, 323.) His motion, thus, is untimely. *See United States v. Gupta*, 363 F.3d 1169, 1176 (11th Cir. 2004) (holding that motions to reconsider filed outside an extended post-verdict period are impermissible under a previous version of the Rules); *United States v. Brewer*, 60 F.3d 1142, 1144 (5th Cir. 1995) (concluding that Rule 45 governs the timeliness of a motion to reconsider in a criminal case); *see, e.g., United States v. Patterson*, No. 04 CR 705-1, 2007 WL 1438658, at *12 (N.D. Ill. May 15, 2007), *aff'd*, 397 F. App'x 209 (7th Cir. 2010) (expressing skepticism that "any motion for reconsideration of the denial of a Rule 29 or 33 motion, filed eleven months after that denial, can be considered timely" because it runs contrary to the policies reflected in those Rules). Consequently, the Court denies Palladinetti's tardy motion to reconsider (Dkt. 323). Although it is too late in the day to challenge the sufficiency of the evidence in this Court, Palladinetti may do so in the Court of Appeals.

_____
Virginia M. Kendall
United States District Judge

Date: August 23, 2019